UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| BILL LIETZKE, | 3:14-cv-00177-RCJ-WGC |
|---|---|
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | |
| TODD STRANGE, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. It is recommended that Plaintiff's action be dismissed.

## I. BACKGROUND

On April 3, 2014, Plaintiff filed an application to proceed in forma pauperis (IFP) (Doc. # 1)[1] and proposed complaint (Doc. # 1-1). On April 9, 2014, the undersigned issued an order denying Plaintiff's IFP application without prejudice because it was unsigned and did not include sufficient information to determine whether Plaintiff is able to pay the filing fee. (Doc. # 3.) The undersigned also noted that Plaintiff's proposed complaint indicated that he is a resident of Alabama and that the named defendants are all alleged to be residents of Alabama, and as such did not appear to be a basis for this district to exercise personal jurisdiction over the defendants. (*See id.*; Doc. # 1-1.) The order denying the IFP application advised Plaintiff that if he sought to resubmit his IFP application, it should be filed in the correct court. (Doc. # 3.)

On April 16, 2014, Plaintiff filed a document containing profane statements directed to the undersigned. (Doc. # 4.)

---

[1] Refers to court's docket number.

1  The court neglected to give Plaintiff a deadline within which to submit a new IFP
2  application; therefore, another order issued on April 23, 2014, instructing Plaintiff that he had up
3  to and including May 7, 2014, to file a corrected IFP application and a complaint demonstrating
4  a basis for the United States Court for the District of Nevada to exercise personal jurisdiction.
5  (Doc. # 5.) Plaintiff was advised that a failure to do sue may result in the issuance of an order
6  dismissing the action without prejudice and administratively closing the file in this district. (*Id*.)

7  Plaintiff submitted various documents to the court on May 5, 2014; however, they were
8  returned to Plaintiff because they did not include a case number. The documents were returned to
9  the court by Plaintiff with this case number on May 14, 2014. (Doc. # 6.) The submission
10 consists of: (1) ten copies of the court's April 23, 2014 order (*id.* at 1-10); (2) a "Motion to Waive
11 Service of Summons" and "Motion for Leave to Amend Complaint" filed as one motion (*id.* at
12 11-13); (3) a document labeled "Libel and Slander" (*id.* at 14-16); and (4) copies of a notice of
13 lawsuit and request to waive service of summons (*id*. at 17-20).

## II. DISCUSSION

15 Despite being given an extension of time to do so, Plaintiff has neither paid the filing fee
16 nor submitted a new IFP application to date. This alone constitutes a basis for dismissal of this
17 action without prejudice and for administratively closing this action in this district. *See* Fed. R.
18 Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"); 28 U.S.C. § 1914
19 ("The clerk of each district court shall require the parties instituting any civil action, suit or
20 proceeding in such court...to pay a filing fee of $350, except that on application for a writ of
21 habeas corpus the filing fee shall be $5...[and] shall collect from the parties such additional
22 fees...as are prescribed by the Judicial Conference of the United States...[and] Each district court
23 by rule or standing order may require advance payment of fees"); District Court Miscellaneous
24 Fee Schedule ($50 administrative filing fee required in civil actions except for persons granted
25 IFP status)); 28 U.S.C. § 1915 (governing IFP applications).

26 Moreover, Plaintiff's filings still fail to demonstrate a basis for this court to exercise
27 personal jurisdiction over the defendants in this action because the Plaintiff and defendants are
28 all alleged to be residents of Alabama and there are no allegations of *any* contacts with Nevada,

let alone the "minimum contacts" necessary to establish jurisdiction in Nevada. *See Walden v. Fiore,* 134 S.Ct. 1115 (2014) (citations omitted).

While Plaintiff appears to contend that the court can exercise personal jurisdiction over the defendants simply by issuing a summons or waiver of service of summons form to the defendants in Alabama, this is not the case. "'Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.'" *Walden*, 134 S.Ct. at 1121 (quoting *Daimler AG v. Bauman*, 571 U.S.---, ---, 134 S.Ct. 746, 753 (2014)). "This is because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'" *Id*. (quoting Fed. R. Civ. P. 4(k)(1)(A)). "Nevada has authorized its courts to exercise jurisdiction over persons 'on any basis not inconsistent with...the Constitution of the United States.'" *Id*. (quoting Nev. Rev. Stat. § 14.065 (2011)). Accordingly, the court must determine whether the exercise of personal jurisdiction "'comports with the limits imposed by federal due process' on the State of Nevada." *Id*. (quoting *Daimler*, 134 S.Ct. at 753).

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Id.* citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980)). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts...such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id*. (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)) (further internal quotation marks and citation omitted). Here, there is no indication that the defendants had *any* contact whatsoever with the State of Nevada.

While defendants could conceivably waive this jurisdictional defect, the failure to pay the filing fee or submit a properly supported IFP application should still result in dismissal of the action and the administrative closure of this action in this district.

///

///

///

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Court enter an order **DISMISSING** this action **WITHOUT PREJUDICE** and administratively closing this case in this district.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: May 16, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE